IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-2059

BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY,

      Plaintiff,

v.

11800 E COLFAX OZB, LLC d/b/a SUMMIT VIEW INN,

AMEN CORNER, LLC d/b/a THE VARECO LLC,

JOHN WESLEY JOHNSON III,

NICK CAVALLUZZI,

      Defendants.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

**Date of Conference:** January 19, 2023

**Plaintiff:**

Jonathan B. Morrow, #58661MO
Knight Nicastro MacKay
319 N 4th Street, Suite 300
St. Louis, MO 63102
Telephone: (314) 690-4757
Facsimile: (816) 396-6233
morrow@knightnicastro.com

**Defendant/Counterclaimant 11800 E COLFAX OZB, LLC:**

Thomas H. Wagner, #38135
Anderson Law Group
7385 W Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com

**Defendant JOHN WESLEY JOHNSON III:** Defendant Johnson has yet to be served.

**Defendant AMEN CORNER, LLC:**

Jason C. Astle, #38540
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-861-2800
Facsimile: 303-832-7116
jastle@springersteinberg.com

**Defendant NICK CAVALLUZZI:**

Brian Molzahn, #33856
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
(303) 628-3368 [facsimile]
molzahnb@hallevans.com

## 2.  STATEMENT OF JURISDICTION

Jurisdiction in this Court is proper pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1446.

Plaintiff is an insurance company incorporated, organized, and existing under the laws of the State of Nebraska with its principal place of business in Stamford, Connecticut. For the purposes of subject matter jurisdiction based on diversity of citizenship, Plaintiff is a citizen of Nebraska and Connecticut.

Defendant/Counterclaimant 11800 E Colfax OZB, LLC is a Colorado Limited Liability Company with its principal place of business in Colorado. No members of Defendant 11800 E Colfax OZB, individual, corporate, etc. are citizens of either Nebraska or Connecticut.

Defendant Amen Corner LLC d/b/a The Vareco LLC is a Colorado Limited Liability Company with its principal place of business in Colorado. No members of Defendant Amen Corner, individual, corporate, etc. are citizens of either Nebraska or Connecticut.

Defendant John Wesley Johnson III is domiciled in and a resident of the State of Colorado. Defendant Johnson is therefore a citizen of Colorado.

Defendant Nick Cavalluzi is domiciled in and a resident of the State of California. Defendant Cavalluzi is therefore a citizen of California.

Furthermore, the amount of controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00 as Defendants 11800 E Colfax OZB and Amen Corner have made a claim for insurance proceeds in excess of the amount of coverage available under the insurance policy at issue, which has limits of coverage in excess of $2.8 million, in response to which Plaintiff has already remitted two payments totaling $298,068.64.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

Plaintiff seeks the interpretation of an insurance policy and a declaration of its rights and obligations thereunder (Count I). Specifically, Plaintiff seeks assistance from this Court in determining: 1) whether Plaintiff has any obligation to remit payment under the policy in light of Defendants' alleged material misrepresentations in acquisition of the policy and presentation of their insurance claim; 2) whether the terms and conditions of the policy limit and/or exclude Defendants' claim; and 3) whether Plaintiff is authorized to deny any further payments requested under the policy.

Plaintiff is also seeking a judgment for damages in the amounts already remitted under the policy, costs incurred in investigating Defendants' claim, attorney's fees, and other costs resulting from Defendants' misrepresentation (Count II) and negligence (Counts III & IV) and civil conspiracy (Count V).

### b. Defendants:

*Defendant/Counterclaimant 11800 E Colfax OZB, LLC:*

Defendant/Counterclaimant 11800 E Colfax OZB LLC ("OZB") denies that Plaintiff is entitled to the relief it requests. In particular, Plaintiff was not justified in relying on supposedly false statements made during the insurance application process. If any portions of the application are determined to be false, Plaintiff knew or reasonably should have know those portions of the application were false prior to accepting insurance premiums from OZB and issuing the policy. Moreover, any incorrect submissions made during the application process were made as a result of human error, and not as part of any intentional act. Additionally, OZB cannot be held responsible for the actions (or inactions) of Plaintiff's own agent during the underwriting,

insurance application, and/or claims handling process.

Given the foregoing, OZB seeks a declaration that the insurance policy at issue is enforceable and that fire damage to the property at issue was covered by the insurance policy issued by Plaintiff. OZB also seeks a judgment in its favor for money damages in an amount to be determined because, by failing to pay benefits under the policy, Plaintiff has breached its contract of insurance.

### Amen Corner LLC d/b/a The Vareco LLC

This case involves a fire that took place at a hotel located on East Colfax. Amen Corner asserts that coverage exists for the losses associated with the fire, including necessary remediation costs and lost business. Amen Corner denies it engaged in any fraud and denies that a conspiracy exists.

### Nick Cavalluzzi

Cavalluzzi denies any fraudulent or negligent misrepresentation as well as any involvement in a conspiracy. More specifically, Cavalluzzi contends that his actions within respect to 11800 E Colfax OZB's and Amen Corner's claim were appropriate, non-negligent and in accordance with the applicable standard of care for public adjusters. Cavalluzzi also contends that plaintiff's damages, if any, were caused by its reliance upon the statements and opinions of others.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. This insured premises is located at 11800 East Colfax Avenue, Arapahoe County, Colorado, 80010.

2. Prior to February 14, 2020, the insured premises was owned by 11800 E Colfax LLC.

3. On or about February 14, 2020, 11800 E Colfax LLC sold its interest in the insured premises to Defendant 11800 E COLFAX OZB for $5,005,000.00.

4. Defendant/Counterclaimant 11800 E COLFAX OZB and/or Defendant Amen Corner intended to renovate/convert the buildings to apartment-style residences.

5. Prior to June 8, 2021, Defendant 11800 E COLFAX OZB had taken steps towards its renovation/conversion plans of the insured premises.

6. On June 8, 2021, a fire occurred at the insured premises.

7. The fire caused damages and losses to the insured premises.

8. Defendant 11800 E COLFAX OZB and Defendant Amen Corner subsequently made a claim for the fire loss with Plaintiff, Claim No. N96BP149596-001-001-001.

9. On December 28, 2021, Plaintiff remitted an initial payment in the amount of $105,000.00.

10. On February 2, 2022, Plaintiff remitted a second payment in the amount of $193,068.64.

11. Defendant Cavalluzzi, a licensed public adjuster with Apex Public Adjusters, Inc., submitted a Summary of Loss on April 6, 2022 to Plaintiff.

## 5.  COMPUTATION OF DAMAGES

Plaintiff seeks compensatory damages in the amount of $298,068.64 ($105,000.00 + $193,068.64) for amounts already remitted under the policy, plus consequential and incidental damages and attorney's fees in amount to be determined by a jury.

*Defendant/Counterclaimant 11800 E Colfax OZB, LLC:*

OZB seeks damages for breach of contract (failure to pay insurance benefits) in the amount of approximately $3,883,954.90 (the amount of damages suffered to the insured premises) less any amounts already paid by Plaintiff and less any deductible lawfully due, plus attorney fees and costs in an amount to be determined.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting: January 3, 2023.

b.   Names of each participant and party he/she represented: Counsel for Plaintiff, Johnathan B. Morrow and Joshua R. Kolb; Counsel for 11800 Colfax OZB, LLC, Thomas H. Wagner and Stuart Anderson; Counsel for Defendant Amen Corner LLC, Jason C. Astle; and Counsel for Defendant Nick Cavalluzzi, Brian Molzahn.

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made: January 20, 2023.  The parties have agreed to extend this deadline three days to accommodate for Plaintiff's trial schedule.

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): none.

e.   Statement concerning any agreements to conduct informal discovery: none.

f.   Statement concerning any other agreements or procedures to reduce discovery

and other litigation costs, including the use of a unified exhibit numbering system: none.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: Yes;

Plaintiff has already taken steps to preserve electronically stored information regarding Defendants applications for insurance through its online application system. Plaintiff further expects to electronically provide said information directly to Defendants, or, to the extent that is not feasible, make the same available for inspection. Plaintiff anticipates that this will include the electronically stored information itself, as well as any underlying data that remains available.

Defendant Amen Corner has raised the issue of preservation of electronically stored information related to the insurance applications as alleged in the Complaint, which Plaintiff has represented is being addressed. The remainder of electronically stored information consists mostly of email, which is not extensive.

Defendant Cavalluzzi has taken steps to preserve his electronically stored information, all of which will be produced on January 20, 2023.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties have discussed and are open to mediation following a reasonable opportunity to engage in pretrial discovery and depositions.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  **Each side is limited to 25 depositions and 50 interrogatories including discreet subparts.**

Given the facts of this case and the number of parties and claims involved, the parties propose increasing the presumptive number of depositions allowed from 10 to 25.

b.  Limitations which any party proposes on the length of depositions:
**Depositions are limited to one day of seven hours.** ~~none at this time.~~

6

b.      Limitations which any party proposes on the number of requests for production and/or requests for admission:  **Each side is limited to 50 requests for production and 50 requests for admission.**

Given the facts of this case and the number of parties and claims involved, the parties propose increasing the number of requests for production and/or requests for admission from 25 to 50.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: August 4, 2023.

e.      Other Planning or Discovery Orders:

1.      Plaintiff will prepare and circulate a proposed protective order to govern certain documents that have been or will be produced by the parties to any other party.  The parties recognize that certain documents produced by the parties may contain confidential, proprietary or private information, and they have agreed to protect against the dissemination of such information by means of a Protective Order.

2.      The deadline for designation of non-parties at fault pursuant to C.R.S. § 13-21-111.5 shall be the date that is 60 days after service or dismissal of Defendant John Wesley Johnson III.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: February 3, 2023.

b.      Discovery Cut-off: October 6, 2023.

c.      Dispositive Motion Deadline: November 10, 2023.

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff may disclose an expert witness addressing the standard of care applicable to insurers in Colorado.

Plaintiff may also disclose expert witnesses addressing the extent of the damage in this case including the extent of asbestos exposure and generally what repairs were fire related.

Plaintiff may also disclose an expert witness on the financial condition and the extent of the loss of business income related to the fire.

Defendant/Counterclaimant 11800 E Colfax OZB LLC may disclose an expert witness

addressing the standard of care applicable to insurers in Colorado in investigating and

adjusting property loss claims.

Defendant Amen Corner may disclose an expert witness addressing the standard of care applicable to insurers in Colorado in investigating and adjusting property loss claims.

Defendant Cavalluzzi may disclose an expert witness addressing the standard of care applicable to public adjusters in Colorado in preparing and submitting information in support of property loss claims.

Defendant Cavalluzzi may disclose expert witnesses addressing the same subject matter as those of Plaintiff.

2.    Limitations which the parties propose on the use or number of expert witnesses.  **No more than 3 retained experts per party.  Defendants are encouraged to avoid duplication of experts if possible.**

3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 23, 2022.

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 7, 2023.

e.    Identification of Persons to Be Deposed:

Corporate Representative of Plaintiff (~4 hours)

Linda Blais (Plaintiff's Liability Claims Supervisor) (~3 hours)

Mike Lis (Plaintiff's Property Claims Supervisor) (~3 hours)

Corporate Representative of 11800 E Colfax LLC (~4 hours)

Corporate Representative of Defendant 11800 E Colfax OZB, LLC (~4 hours)

Corporate Representative of Defendant Amen Corner LLC (~4 hours)

Terrance Doyle (owner/member of Amen Corner LLC) (~2 hours)

Nicole Valdez (former Amen Corner LLC employee) (~2 hours)

Ben Davis (CEO of Amen Corner LLC) (~2 hours)

Defendant John Wesley Johnson III (~4 hours)

Brittany Cousin a/k/a Brittany Johnson (former manager at insured premises) (~2 hours)

Defendant Nick Cavalluzi (~4 hours)

Corporate Representative of Hartford Underwriters Insurance Company (~4 hours)

Corporate Representative of Mount Vernon Fire Insurance Company (~4 hours)

Corporate Representative of United States Liability Insurance Company (~4 hours)

Corporate Representative of Engle Martin Associates, Inc. (~2 hours)

Corporate Representative of Infinity Adjusters, Inc./Infinity Insurance Services, LLC (~3 hours)

Corporate Representative of Enviro Care Consulting Services, LLC (~4 hours)

Corporate Representative of Meridian Environmental (~3 hours)

Francisca Franco (~2 hours)

Individuals, yet to be determined, staying on the insured premises on the night of June 8, 2021, the weeks before the fire and the time period after the fire (less than 1 hour each; to be conducted primarily via zoom)

Corporate Representative of Aurora Warms the Night (~2 hours)

Corporate Representative for the City of Aurora (~2 hours)

First responders/individuals, yet to be determined, including those from the Aurora Fire Rescue and/or the Aurora Police Department who responded to the insured premises on the night of June 8, 2021 (less than1 hour each)

## 10.  DATES FOR FURTHER CONFERENCES

a.  **Joint Status Report is due on April 14, 2023.  Counsel shall refer to Judge Crews' Practice Standards for the required content.**

b.  A telephone final pretrial conference will be held in this case on **January 17, 2024 at 10:00 a.m.**   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: none.

b.  Anticipated length of trial and whether trial is to the court or jury: 5-day jury trial.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: none at this time.

## 12.  NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of January, 2023.

BY THE COURT:

*s/ S. Kato Crews*

United States Magistrate Judge

APPROVED:

*/s/ Jonathan B. Morrow*
Jonathan B. Morrow, #58661MO
Knight Nicastro MacKay
319 N 4th Street, Suite 300
St. Louis, MO 63102
Telephone: (314) 690-4757
Facsimile: (816) 396-6233
morrow@knightnicastro.com
Attorney for Plaintiff

*/s/ Thomas H. Wagner* (by consent)
Thomas H. Wagner
Anderson Law Group
7385 W Highway 50
Salida, CO 81201
Telephone: (719) 539-7003
tom@anderson-lg.com
Attorney for Defendant 11800 E Colfax OZB, LLC

*/s/ Jason C. Astle* (by consent)
Jason C. Astle, #38540
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-861-2800
Facsimile: 303-832-7116
jastle@springersteinberg.com
Attorney for Defendant Amen Corner, LLC

*/s/ Brian Molzahn* (by consent)
Brian Molzahn, #33856
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
(303) 628-3368 [facsimile]
molzahnb@hallevans.com
Attorney for Defendant Nick Cavalluzzi